IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN HALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-690-TLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Karen Hall seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i) and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), and Fed. R. Civ. P. 73, the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 11). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

On appeal, plaintiff alleges three errors by the ALJ: (1) the failure to properly consider her obesity; (2) the failure to properly consider the medical source opinions; and (3) the failure to properly consider plaintiff's credibility. (Dkt. 14 at 5).[1]

---

[1] In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**Obesity**[2]

Plaintiff argues that the ALJ failed to properly consider her obesity because he did not discuss it "beyond finding that it was a severe impairment." (Dkt. 15 at 5-6). Plaintiff states that the ALJ failed to discuss "any cumulative effects the obesity might have had on plaintiff's arthritis" and ignored the impact of plaintiff's obesity when evaluating her credibility and functional capacity and in evaluating the medical opinions. Id. Plaintiff cites SSR 02-1p, which states that the Commissioner will explain ". . . how we reached our conclusions on whether obesity caused any physical or mental limitations." Id.

Jimison ex rel. Sims v. Colvin, 513 F. App'x 789, 798 (10th Cir. 2013) (unpublished) is instructive. In Jimison, the Tenth Circuit considered whether the ALJ erred in not addressing plaintiff's obesity in the RFC analysis. Id. at 793. The ALJ had identified obesity as a severe impairment and then failed to consider obesity in formulating the RFC. Id. at 791. The Tenth Circuit ruled that because the record did not indicate that claimant's obesity caused functional limitations, the ALJ did not have to consider it in the RFC analysis. Id. at 793. The court reasoned that because obesity is an impairment (as opposed to a functional limitation or restriction), when there is no evidence that the impairment creates a functional limitation, the ALJ is not required to consider it in the RFC or in a hypothetical to the vocational expert. Id.

Plaintiff's brief contains only two statements which could reasonably be interpreted as developing an argument regarding her obesity. First, plaintiff argues that she ". . . is morbidly obese and that makes it more difficult to move around and be on her feet. Tr. 239, 241." (Dkt. 15 at 15). In support of this statement, plaintiff cites a Function Report – Adult, which she completed. (R. 234-41). Because the only evidence for this argument is plaintiff's subjective statements, the argument turns on the ALJ's finding that plaintiff is not entirely credible. If that

---

[2] Plaintiff does not argue that the ALJ's factual findings with respect to her obesity are in error, only that plaintiff's obesity was not properly considered.

2

finding is affirmed, then this argument necessarily fails. Because the Court affirms the ALJ's credibility finding, as discussed *infra*, the Court finds this argument unpersuasive.

Second, plaintiff notes that "Dr. Hastings felt that the arthritis in the feet, ankles, and toes were adversely impacted by the plaintiff's morbid obesity." (Dkt. 15 at 4). On this second point, plaintiff accurately cites to Dr. Hastings' report regarding his March 26, 2013 examination of plaintiff. Id. The initial question is whether Dr. Hastings' report evidences the presence of a functional limitation resulting from plaintiff's obesity. Dr. Hastings states that plaintiff's obesity adversely impacts her "arthritis." Arthritis, however, is an impairment, not a restriction or functional limitation. In this respect it is like obesity. See *supra* (citing Jimison, 513 F. App'x at 793). The fact that one impairment adversely impacts another impairment does not establish the presence of a restriction or functional limitation. However, plaintiff indirectly appeals the ALJ's consideration of her arthritis, which the ALJ found to be medically non-determinable, by challenging the ALJ's consideration of the medical source opinions. (R. 21). Assuming plaintiff is correct, that there is evidence in the record which indicates functional limitations resulting from her arthritis, the question is whether this evidence was properly discounted. If so, then there is no evidence that plaintiff's arthritis causes a functional limitation and her obesity, even if it adversely impacts her arthritis, need not be considered in the RFC analysis. Thus, if the ALJ's consideration of the medical source opinions does not warrant remand, neither does his consideration of plaintiff's obesity.

Additionally, subject to the Court's consideration of the medical source opinions, the Commissioner's position is supported by Keyes-Zachary v. Astrue, 695 F.3d 1156 (10th Cir. 2012), which ruled that if an error would not affect the outcome of a case, the error is harmless and not grounds for remand. In Keyes-Zachary, the Tenth Circuit considered whether an ALJ's errors, such as failure to discuss an adverse side effect of a medication or failure to expressly

weigh a medical opinion, were reversible. Id. The Tenth Circuit found that while the ALJ did err in failing to specifically discuss relevant details, the ALJ's general conclusion was supported by the evidence. Id. The Tenth Circuit determined that if an error will not affect the outcome of a case, then the error is harmless and not grounds for reversal. Id. at 1173. Here, the ALJ specifically discussed plaintiff's obesity a number of times in his decision. (R. 25-26). Thus, the ALJ was clearly aware of plaintiff's obesity. Id. The ALJ also relied on medical records that noted plaintiff's obesity. (R. 26) (citing Ex. 3F, R. 495-96). Id. Therefore, it is also clear that the ALJ considered plaintiff's obesity in his analysis, and while many medical reports mentioned plaintiff's obesity, there is no indication that her obesity results in a restriction or functional limitation, except as it relates to her arthritis as explained above. Thus, the record supports the ALJ's conclusion so long as the ALJ did not commit error in his consideration of the medical source opinions.

**Medical Source Opinions**

First, plaintiff notes that "the ALJ stated that the record d[oes] not contain any opinion from a treating physician indicating that the plaintiff has limitations greater than those contained in the ALJ's RFC assessment." (Dkt. 15 at 6). Plaintiff argues that the ALJ is incorrect because the record contains a handicap parking application, completed by Dr. Tiemann, which indicates that plaintiff cannot walk more than 200 feet.[3] Plaintiff claims that the ALJ's prior acknowledgment that Dr. Tiemann completed a handicap parking application for her and checked a box indicating that she cannot walk 200 feet due to severe osteoarthritis shows error in the ALJ's decision because the inability to walk 200 feet is inconsistent with the ALJ's RFC assessment. The Court finds this argument unpersuasive for the reasons set forth in the following

---

[3] The ALJ stated, "The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or that she even has limitations great than those determined in this decision, *other than the report of Dr. Hastings*, which will be discussed later in this decision." (R. 29) (emphasis added).

4

cases: Halsell v. Astrue, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished)[4] (disability parking placard was not relevant because of differing standards of disability); Bryant v. Astrue, 2010 WL 4628721 (D.Kan.) (treating physician's comment on application for a permanent disabled parking placard was not "so probative as to require discussion"); Livingston v. Astrue, 2010 WL 5851124 (failure to mention parking permit application was not reversible error in part because such applications are "generally of little relevance to a formal disability analysis"); Parmley v. Astrue, 2008 WL 3850250 (E.D.Ky.) (ALJ was correct to disregard a handicap parking form completed by a treating physician because it did not indicate that the claimant was incapable of working); Meador v. Barnhart, 2006 WL 1319627 (W.D.Va.) (same).

Second, plaintiff argues that Dr. Hastings' opinion was not properly addressed. Dr. Hastings' report is thirty-six pages in length. (R. 673-708). He lists the medical records he reviewed, provides a patient history, lists various clinical diagnoses and conditions, lists a number of vocational restrictions and permanent vocational incapacities (summarizing his view of the impact of obesity in general on joint issues), and reviews the medical records on which he relied. (R. 679). The report is long and detailed but it is often times vague and generally fails to explain the basis for most of the findings. The Court understands the ALJ's concern. The impression the report leaves is that Dr. Hastings was searching for a result, not objectively considering the medical evidence. In this regard, the ALJ found,

> [T]he evaluation of Dr. Hastings is not credible in that it appears he read Dr. Jennings x-ray reports and significantly distorted them. Specifically, Dr. Jennings reported level of osteoarthritis of the hands as being in the "joint" of the 5th fingers and rather mild. However, Dr. Hastings described this as "joints" suggesting many joints. Also, Dr. Hastings described 'moderate to severe' osteoarthritis, involving multiple joints, including shoulders, hands, fingers, ankles, and toes and left hip. While x-rays indicate degenerative changes at each, they are not necessarily 'moderate to severe' and likely better characterized as mild to moderate, based upon the x-rays, with the possibility

---

[4] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

> of severe degenerative changes in the right shoulder. Therefore, the Administrative Law Judge finds, following review of the report by Dr. Hastings and review of the evidence of record in its entirety, that Dr. Hastings characterization of the records/reports is exaggerated.

(R. 31).

The Commissioner argues that the ALJ's conclusion is correct, that Dr. Hastings exaggerated the findings of Dr. Jennings with respect to plaintiff's osteoarthritis in her finger joints. Dr. Jennings found erosive changes only in the right and left fifth digits of each hand. (R. 658). Dr. Hastings characterized these erosive changes as applying to "the finger joints." The ALJ interpreted this statement to mean that Dr. Hastings was referring to more than one joint; whereas, Dr. Jennings was referring to one joint on both hands. The Court does not view this difference to be material. One joint on each hand could be referred to as joints.

More importantly, the ALJ's statement leaves the clear impression that he interpreted plaintiff's x-rays. (R. 31) ("While x-rays indicate degenerative changes at each, they are not necessarily 'moderate to severe' and likely better characterized as mild to moderate, based upon the x-rays, with the possibility of severe degenerative changes in the right shoulder."). It is not improper for the ALJ to compare two medical opinions and accept one while rejecting another, so long as the ALJ provides an explanation, which may have been his intent here. But that is not how the ALJ's decision reads. It reads as though he is interpreting the x-rays and simply disagrees with Dr. Hasting's interpretation.

As the Court stated above, the Court is dubious of Dr. Hastings' report, but the ALJ's reliance Dr. Hastings' reference to "joints" is not a basis on which to reject his report. The only other basis provided by the ALJ appears to rely on the ALJ's own interpretation of plaintiff's x-rays. On remand, the ALJ should state with more detail the reason he rejected Dr. Hasting's report and, in particular, identify the medical evidence in the record that supports his decision. If,

after doing so, the ALJ properly determines that Dr. Hasting's report should be rejected, then there would be no need to reevaluate the issue of plaintiff's obesity.

**Credibility**

Plaintiff argues that the ALJ's reasons for finding plaintiff not credible are not supported by substantial evidence. This Court will not disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008) (citing Diaz v. Secretary of Health & Human Svcs., 898 F.2d 774, 777 (10th Cir. 1990)). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (citing Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

The Court has thoroughly reviewed the ALJ's credibility finding and finds that the ALJ closely and affirmatively linked them to substantial evidence in the record. The Court, thus, finds no error in the ALJ's credibility analysis.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is remanded for further consideration consistent with this Opinion and Order.

SO ORDERED this 31st day of March, 2016.

_____
T. Lane Wilson
United States Magistrate Judge